**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MONICA M. FRANKLIN** | ) | **CASE NO. 5:11-CV-02444** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **FIRSTENERGY CORP,** | ) | **MEMORANDUM OPINON** |
| | ) | **AND ORDER** |
| **FIRST ENERGY NUCLEAR** | ) | |
| **OPERATING COMPANY (FENOC),** | ) | |
| | ) | |
| **INTERNATIONAL BROTHERHOOD** | ) | |
| **OF ELECTRICAL WORKERS** | ) | |
| **(IBEW) LOCAL 245,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

This matter comes before the Court on Motions by Defendants FirstEnergy Corp., FirstEnergy Nuclear Operating Company ("FENOC") and the International Brotherhood of Electrical Workers ("IBEW"), Local Union No. 245 for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Doc. 22, 26. The motions are GRANTED.

**I. PROCEDURAL HISTORY**

On November 10, 2011, Plaintiff Monica M. Franklin ("Plaintiff") filed her Complaint against her former employer FirstEnergy Nuclear Operating Company ("FENOC"), FENOC's parent company FirstEnergy Corp.,[1] and Plaintiff's former union, the International Brotherhood of Electrical Workers ("IBEW"), Local Union No. 245. FirstEnergy filed its Answer on December 1, 2011 and IBEW filed its Answer on January 31, 2012. Plaintiff filed an Amended

---

[1] FirstEnergy Nuclear Operating Company and FirstEnergy Corp. hereinafter collectively referred to simply as "FirstEnergy."

1

Complaint on February 9, 2012. Both FirstEnergy and IBEW submitted their Answer to the Amended Complaint on February 10, 2012.

Plaintiff's Amended Complaint alleges FirstEnergy breached its obligation to her under a collective bargaining agreement and IBEW violated its duty of fair representation owed to Plaintiff, all in violation of § 301 of the Labor Management Relations Act ("LMRA"). (Amended Complaint ¶ 5). Plaintiff also claims FirstEnergy's termination of her employment violated the Americans with Disabilities Act of 1990 ("ADA"). (Amended Complaint ¶ 6).

On February 10, 2012, FirstEnergy filed its Motion for Judgment on the Pleadings. On February 21, 2012, IBEW filed its Motion for Judgment on the Pleadings. Plaintiff filed a Response to Defendants' motions on April 6, 2012. Both FirstEnergy and IBEW submitted their Replies in support of their Motions on April 20, 2012.

On May 15, 2012, Plaintiff filed, without leave, an amended response to the Defendants' motions. (Doc. 35). FirstEnergy moved to strike Plaintiff's amended response (Doc. 37). FirstEnergy's motion to strike is hereby granted. The Court finds Plaintiff's amended response was untimely and finds no compelling reason to allow the untimely amendment. Doc. 35 is hereby stricken from the record and will not be considered.

## II. STATEMENT OF FACTS

A. Factual Allegations Made in Complaint

When ruling on a motion for judgment on the pleadings, this Court must accept all factual allegations made in the complaint as true. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509 (6th Cir. 2001). FirstEnergy employed Plaintiff as a Senior Chemistry Tester. (Amended Complaint ¶ 7). During her employment, Plaintiff was a member of the IBEW, Local Union No. 245. (Amended Complaint ¶ 13). In its Answer to Plaintiff's Amended Complaint, FirstEnergy

2

admitted a collective bargaining agreement between FirstEnergy and IBEW covered the terms of Plaintiff's employment. (Answer of Defendants FirstEnergy Corp. and FirstEnergy Nuclear Operating Company to Plaintiff's Amended Complaint, hereinafter "FirstEnergy Answer", Ex. B).

In 2008, FirstEnergy determined Plaintiff had sustained a permanent physical limitation due to a previous on the job injury. (Amended Complaint ¶ 7). FirstEnergy decided this limitation precluded Plaintiff from serving as a Senior Chemistry Tester. (Amended Complaint ¶ 7). Pursuant to the collective bargaining agreement, FirstEnergy searched for alternative positions in the company within her limitations, but found no such available positions. (Amended Complaint ¶ 11). FirstEnergy sent Plaintiff a letter, informing her of FirstEnergy's decision to terminate her employment effective December 19, 2008. (Amended Complaint ¶¶ 7, 8). The letter stated Plaintiff's permanent work restrictions prevented her from performing the essential functions of the Senior Chemistry Tester position and she had exhausted her 12 months of leave benefits. (Amended Complaint ¶¶ 7, 8).

B. FirstEnergy's Assertions

In November 2008, Plaintiff filed a grievance alleging that Defendants "exceeded their rights by not allowing Ms. Franklin to return to work and placing her on retrogression without just cause." (FirstEnergy Answer, Ex. C). Her grievance proceeded through first and second steps of the grievance process established in the collective bargaining agreement between FirstEnergy and the IBEW. (FirstEnergy Answer, Ex. B at Article 5.4 "Grievance Procedure"). The IBEW withdrew Plaintiff's grievance on September 4, 2009 (FirstEnergy Answer, Ex. D).

Plaintiff claims she did not receive notice of this withdrawal until May 12, 2011. (Amended Complaint ¶ 13).

Moreover, Plaintiff filed a Charge of Discrimination with the EEOC alleging FirstEnergy discriminated against her because of her disability. (FirstEnergy Answer, Ex. G). On January 27, 2010, the EEOC sent Plaintiff a Dismissal and Notice of Rights. (FirstEnergy Answer, Ex. H). The notice informed Plaintiff the EEOC dismissed her charge because it found no evidence FirstEnergy violated applicable law. (FirstEnergy Answer, Ex. H). The Notice also informed Plaintiff of her right to file suit within 90 days. (FirstEnergy Answer, Ex. H).

On May 6, 2009, Plaintiff filed a complaint in the Ottawa County, Ohio Court of Common Pleas alleging FirstEnergy terminated her because she filed a workers' compensation claim in violation of O.R.C. § 4123.90. (FirstEnergy Answer, Ex. E). FirstEnergy filed for summary judgment, asserting it terminated Plaintiff for a legitimate, nondiscriminatory reason. (FirstEnergy Answer, Ex. F at 5). The court granted the motion on April 19, 2011. (FirstEnergy Answer, Ex. F at 5).

### III. LAW: FEDERAL RULE OF CIVIL PROCEDURE 12(C)

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "after the pleadings are closed-but early enough not to delay trial." The standard for evaluating a motion for judgment on the pleadings is identical to the standard a court applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). Under a motion to dismiss standard, the court examines

the legal sufficiency of the plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the ground for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*at 555. Additionally, even though a Complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In ruling on a Rule 12(c) motion, the court considers all available pleadings, including the complaint and the answer. *See* Fed. R. Civ. P. 12(c). The court may also consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice. *Turk v. Oiler*, 732 F.Supp.2d 758 (citing *Whittiker v. Deutsche Bank National Trust Co.*, 605 F.Supp.2d 914, 924-25 (N.D. Ohio 2009); *Greenberg v. Life Ins. Co.*, 177 F.3d 507, 514 (6th Cir. 1999); *see also* Fed. R. Civ. P. 10(c) ("A

copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes.").

**III. ANALYSIS**

A. The Applicable Statute of Limitations Bars Plaintiff's Hybrid § 301 Claim

FirstEnergy and IBEW argue the applicable statute of limitations bars Plaintiff's hybrid § 301 of the LMRA claim. (Defendants FirstEnergy Corp. and First Energy Nuclear Operating Company's Motion for Judgment on the Pleadings, hereinafter "FirstEnergy Motion", 3; Defendant International Brotherhood of Electrical Workers, Local Union 245's Motion for Judgment on the Pleadings, hereinafter "IBEW Motion", 2). Defendants assert Plaintiff failed to file her claim within six months of when she knew, or reasonable should have known the IBEW had elected to withdraw her grievance. (FirstEnergy Motion, 3; IBEW Motion, 2).

In a hybrid § 301 suit, the 6-month limitations period in § 10(b) of the National Labor Relations Act governs claims against both the union and the employer. *Delcostello v. International Bhd. of Teamsters*, 462 U.S. 151 (1983). This statute of limitations applies to breach of collective bargaining agreement claims against employers as well as fair representation claims against unions. *Id.* To determine when a cause of action accrues, the court looks at "when an employee discovers, or should have discovered with exercise of due diligence, acts giving rise to the cause of action." *Martin v. Lake County Sewer Co.*, 269 F.3d 673, 678-79 (6th Cir. 2001) (quoting *Wilson v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen, and Helpers of Am.*, 83 F.2d 747, 757 (6th Cir. 1996)). "The determination of the accrual date is an objective one: 'the asserted actual knowledge of the plaintiffs is not determinative if they did not act as reasonable

persons and, in effect, closed their eyes to evident and objective facts concerning the accrual of their right to sue.'" *Nobel v. Chrysler Motors Corp.*, 32 F.3d 997, 1000 (6th Cir. 1994) (quoting *Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 579 (6th Cir. 1987)).

"[A] hybrid § 301 action accrues against the company when it accrues against the union." *Moore v. United Auto. Aerospace, Agric. Implement Workers of Am. Int'l Union Local 598*, 33 Fed.Appx. 165 (6th Cir. 2002) (citing *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 803 (6th Cir. 1990)). "When the claim against the union concerns its failure to pursue or process a grievance, the claim accrues when the period for pursuing a grievance under the collective bargaining agreement has expired." *Hanely v. International Broth. of Locomotive Engineers*, 69 Fed.Appx. 292, 298 (6th Cir. 2003) (citing *Shapiro v. Cook United, Inc.*, 762 F.2d 49, 51 (6th Cir. 1985). "In addition, a plaintiff cannot claim lack of knowledge of the collective bargaining agreement's time limitations to toll or otherwise extend the six-month statute of limitations period." *Hanely*, 69 Fed.Appx. 298 (citing *Shapiro*, 762 F.2d at 51). "[A] union member is generally responsible for knowing the contents of his collective bargaining agreement." *Overstreet v. Mack Industries, Inc.*, 260 Fed.Appx. 883, 886 (6th Cir. 2008) (citing *Robinson v. Cent. Brass Mfg. Co.*, 987 F.2d 1235, 1243 (6th Cir. 1993)).

In this case, Plaintiff failed to bring her hybrid § 301 claim within six months of when she knew or reasonably should have known the period for pursuing a grievance under the collective bargaining agreement had expired. Plaintiff states she learned of the dismissal of her grievance on May 12, 2011. (Amended Complaint ¶ 13). However, Plaintiff failed to exercise reasonable diligence and closed her eyes to evidence and objective facts. *See Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 1000 (6th Cir. 1994).

On September 4, 2009, IBEW sent a letter via certified mail to Plaintiff informing her of its decision to withdraw the grievance. (Exhibit A, September 4, 2009 Letter; Exhibit 35E to Plaintiff's Amended Complaint). U.S. Postal Service Track & Confirm shows Notice was left at Plaintiff's residence on September 8, 2009. (Exhibit B, Track & Confirm Notice). The letter was deemed unclaimed on September 24, 2009. (Ex. B). Thus, Local 245 made reasonable efforts to deliver the notice to Plaintiff, and in fact, had reason to assume the mail reached her. *See United States v. Bolton*, 781 F.2d 528, 532 (6th Cir. 1985) ("It is reasonable to assume that if persons refuse to accept delivery or collect their mail, the mail has in fact reached them.") (citing *Hoffman v. National Equipment Rental, Ltd.*, 643 F.2d 987, 990 (4th Cir. 1981)).

Furthermore, as a union member, Plaintiff had a responsibility to know the contents of her collective bargaining agreement. *Overstreet,* 260 Fed.Appx. 883. The collective bargaining agreement established a three-step process for the resolution of employee grievances. (FirstEnergy Answer, Ex. B, Art. 5.4). The employee and a union representative must have successive meetings with the employee's manager, the General Manager, and the Director. (FirstEnergy Answer, Ex. B, Art. 5.4). If the parties cannot resolve the grievance, they may submit their dispute to mediation and eventually arbitration. (FirstEnergy Answer, Ex. B, Art. 5.4). This process takes place according to the specific timetable established in the collective bargaining agreement. (FirstEnergy Answer, Ex. B, Art. 5.4).

Despite the deadlines established in the collective bargaining agreement, Plaintiff did not file this Complaint until November 11, 2011 – over two years after the withdrawal. (First Energy Motion 9). During this time, numerous deadlines in the collective bargaining agreement

concerning the resolution of employee grievances expired. (FirstEnergy Motion 9). Therefore, Plaintiff should have known of the withdrawal of her grievance well before May 12, 2011.

Moreover, this Court cannot consider the new arguments presented by the Plaintiff in her response, such as her claim that IBEW and her union representative failed to inform her of the expired deadlines. (Plaintiff's Response to Defendants Motion For Judgment on the Pleadings, herein after "Plaintiff Response", 9-10). This Court may only consider the pleadings, including the complaint and answer. The Court may also consider the four categories stated in *Whittiker*. *Whittiker v. Deutsche Bank National Trust Co.*, 605 F.Supp.2d 914, 924-25 (N.D. Ohio 2009). The list in *Whittiker* does not include new arguments raised in a response.

In summary, the statute of limitations bars Plaintiff's claim because the statute of limitations expired prior to November 10, 2011, the date on which Plaintiff filed her original Complaint. The claim accrued when IBEW withdrew Plaintiff's grievance on September 4, 2009. FirstEnergy and IBEW gave Plaintiff opportunities to learn the period for pursuing a grievance under the collective bargaining agreement had expired. IBEW sent Plaintiff a letter to notify her of the Union's withdrawal of her grievance. (Exhibit A, September 4, 2009 Letter; Exhibit 35E to Plaintiff's Amended Complaint). Additionally, the collective bargaining agreement clearly sets out a timeline of the grievance process. (FirstEnergy Answer, Ex. B, Art. 5.4). As a union member, Plaintiff should have known the timeline. If Plaintiff did her due diligence and kept her eyes open, Plaintiff would have discovered Local 245's decision well before May 12, 2011.

B. The Statute of Limitations Bars Plaintiff's ADA Claim

9

FirstEnergy asserts the statute of limitation also bars Plaintiff's ADA claim because she failed to file her claim within 90 days of her receipt of a Right to Sue notice from the U.S. Equal Employment Opportunity Commission ("EEOC"). (FirstEnergy Motion 3). "A plaintiff seeking relief under the ADA must file suit within ninety days of receiving a right to sue letter from the EEOC." *McGhee v. Disney Store*, 53 Fed.Appx. 751, 752 (6th Cir. 2002) (citing 42 U.S.C. § 12117(a); *Peete v. Am. Standard Graphic*, 885 F.2d 331, 331-332 (6th Cir. 1989). Failure to bring suit within the ninety-day limit is grounds for dismissal of the action. *McGhee*, 53 Fed.Appx. at 752.

However, the Sixth Circuit has held the statutory filing requirements common to the ADA as subject to equitable tolling under very limited circumstances. *See Brown v. Mead Corp.*, 646 F.2d 1163, 1165 (6th Cir. 1981). "Conduct by the employer which reasonable leads the employee to delay in pursuing his claim certainly presents the clearest and most justifiable example of a situation in which Title VII time periods should be tolled." *Fox v. Eaton Corp.*, 615 F.2d 716, 718 (6th Cir. 1980).

On January 27, 2010, the EEOC mailed its Right to Sue notice to Plaintiff. (FirstEnergy Answer, Ex. H). The Sixth Circuit has established that a plaintiff is assumed to have received a right to sue notice five days after it is mailed. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (holding that the ninety day statute of limitations begins running on the fifth day following the EEOC's mailing of the right to sue notification). Therefore, Plaintiff is presumed to have received the EEOC's notice on February 1, 2010.

Hence, in order for Plaintiff to comply with the ninety-day statute of limitations, she must have filed a complaint on or before May 2, 2010. Plaintiff did not file her original Complaint

10

until November 10, 2011, more than one and a half years after the limitations period had expired. Additionally, Plaintiff provided no information in her Response that would lead this Court to consider applying equitable tolling. Accordingly, Plaintiff failed to satisfy the statute of limitations for her ADA claim.

C. The Doctrine of Res Judicata in Regard to Plaintiff's ADA Claim

Finally, FirstEnergy argues the doctrine of res judicata bars Plaintiff's ADA claim because another court has already adjudicated issues related to Plaintiff's separation from employment. (FirstEnergy Motion 3). However, since the statue of limitations bars the ADA claim, this Court will not address the issue of res judicata.

IV. CONCLUSION

For the foregoing reasons, Defendants' Motions for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) are hereby **GRANTED**. Plaintiff's § 301 claims against First Energy and IBEW and Plaintiff's ADA claim against FirstEnergy are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: 6/12/2012     ___/s/John R. Adams_____
                                                     **JOHN R. ADAMS**
                                                     **UNITED STATES DISTRICT JUDGE**